PHILLIP A. TALBERT
United States Attorney
EDWARD A. BAKER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Applicant

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE LOCAL COURT OF AMBERG, GERMANY, IN THE MATTER OF  H▇▇▇ U▇▇▇▇ T▇▇▇ G▇▇▇ v. PHILLIP MIKE NOMURA, DOJ REF. NO. 189-26-17-21 | MISC. NO.  2:17-mc-00191 KJM-DB<br><br>APPLICATION FOR *EX PARTE* ORDER APPOINTING COMMISSIONER PURSUANT TO 28 U.S.C. § 1782 |

Pursuant to 28 U.S.C. § 1782(a), the United States petitions the Court for an Order appointing the undersigned Assistant United States Attorney Edward Baker as a Commissioner to secure evidence from Phillip Mike Nomura, an American citizen who resides in this district, for use in a paternity proceeding before the Local Court of Amberg, Germany (the "German court").  The United States seeks the appointment in response to a letter of request for international judicial assistance from the German court under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), 23 U.S.T 2555 (Oct. 7, 1972).  This Court has jurisdiction over these proceedings pursuant to 28 U.S.C. §§ 1345 and 1782 as the United States has commenced these proceedings to obtain relief provided in a treaty into which the United States has entered.  A declaration by AUSA Baker has been filed in support of this application ("Baker Decl.").

## I.   BACKGROUND

In March 2017, the Office of International Judicial Assistance ("OIJA"), within the Civil Division of the United States Department of Justice, received a letter of request from the German court pursuant to the Hague Convention.  Baker Decl. ¶ 2, Ex. A ("Letter of Request").  The German court presides over a matter in which Mr. Nomura is a named party, *G▇▇▇ H▇▇▇ U▇▇▇▇ T▇▇▇. v.*

APPLICATON FOR *EX PARTE* ORDER APPOINTING
COMMISSIONER PURSUANT TO 28 U.S.C. § 1782

1

*Nomura, Philipp Mike*, File No. 001 F 851/10, DOJ Ref. No. 189-26-17-21.  *Id.*  It sought OIJA's assistance in obtaining two buccal cell samples and proof of identification from Mr. Nomura to establish the paternity of a child, H███ U██████ T███ G████ born on ████████, 2005 to Ingrid Daniela Gagua.  *Id.*  The German court had previously found that Ms. Gagua and Mr. Nomura lived together from December 2001 until August 2004.  *Id.*  As part of the proceedings in the German court, Ms. Gagua reported that she had sexual intercourse with Mr. Nomura between June 4, 2004 and October 1, 2004, and no one else.  *Id*.  Upon information and belief, Mr. Nomura currently resides at 531 Bella Vista Drive, Suisun City, CA 94585, California.  Baker Decl. ¶ 3a.  The United States has sought to obtain Mr. Nomura's voluntary compliance with the request by sending certified letters on three separate occasions to his last known address.  *Id.* ¶¶ 3b-d, Exs. B-D.  Delivery of the first certified letter was confirmed, but the second and third letters were not picked up.  *Id*.  The United States also attempted to contact Mr. Nomura by electronic mail and by telephone.  *Id.* ¶¶ 3d-e, Ex. E.   Mr. Nomura has not responded to any of these attempts by the United States to communicate with him.  *Id.* ¶ 3.

## II.   ARGUMENT

Federal District Courts are permitted to assist with ensuring compliance with requests made by foreign courts pursuant to the Hague Convention.  The Court should assist the German court because all requirements under United States law are met in this case.

### A.   The Hague Convention Permits International Requests for Judicial Assistance.

The Hague Convention, of which the United States and Germany are signatories, authorizes the use of the judicial process of other signatory nations where such assistance is needed in civil or commercial matters, "to facilitate the transmission of execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose."  Convention Adopted at the Eleventh Session of the Hague Conference on Private Int'l Law, October 26, 1968; T.I.A.S. No. 7444 (Oct. 7, 1972).  Article 10 of the Hague Evidence Convention provides:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

*Id.*

Under Article VI of the United States Constitution, "all Treaties made . . . under the Authority of the United States, shall be the supreme Law of the Land." U.S. Const. Art. VI cl. 2.  "Under federal law, treaties have the same legal effect as statutes," such as those applicable to this action. *U.S. v. Emuegbunam,* 268 F.3d 377, 389 (2001).  Moreover, Article 9 of the Hague Convention provides, in pertinent part, that:  "[t]he judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed."  Convention Adopted at the Eleventh Session of the Hague Conference on Private Int'l Law Oct. 26, 1968; T.I.A.S. No. 7444 (Oct. 7, 1972).  Thus, this Court should look to the law of the United States and the Federal Rules of Civil Procedure to determine whether honoring the request is warranted.

**B.  United States Law Permits Federal Courts to Enforce Requests for Judicial Assistance.**

Pursuant to 28 U.S.C. § 1782, federal courts may grant discovery within the United States for use in a foreign proceeding.  In enacting 28 U.S.C. § 1782, Congress intended "to improve United States judicial procedures for . . . obtaining evidence in the United States in connection with proceedings before foreign and international tribunals . . ." Sen. Rep. No. 1580, 88th Cong., 2d Sess. 1 (1964), *reprinted in* 1964 U.S. Code Cong. & Admin. News 3782; *see also In Re Patricio Clerici,* 481 F.3d 1324, 1331 (11th Cir. 2007) ("The intent of Congress in enacting § 1782 was to 'strengthen the power of district courts to respond to requests for international assistance.'" *In re Letters Rogatory from the Local Court (Amtsgericht) of Plon, Germany,* 29 F. Supp. 2d 776, 779 (E.D. Mich. 1998) (internal citations omitted)).

Section 1782 permits a District Court, in its discretion, to appoint a person to direct that a person produce "document or other thing[s]" for use in a proceeding in a foreign or international tribunal if the statutory requirements are met. *See* 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 247 (2004); *In Re Patricio Clerici,* 481 F.3d at 1332 (11th Cir. 2007), *cert denied,* 128 S. Ct. 1063 (2008).  District courts, including this Court, have repeatedly appointed Assistant United States Attorneys to act as commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts on international request. *See, e.g., In re For the Mut. Assistance of Harju Cty. Court,* Case No. 1:16-mc-00039-DAD-SAB, 2016 U.S. Dist. LEXIS 86190, *6 (E.D. Cal. June 27, 2017) (commissioner appointed to obtain testimony and information pursuant to letter of request from

Estonian court); *In re Letter Rogatory from the Nedenes District Court, Norway,* 216 F.R.D. 277 (S.D.N.Y. 2003) (commissioner appointed); *In re Paticio Clerici,* 481 F.3d at 1327 (commissioner appointed).

### C. The Statutory Requirements of Section 1782 Are Met.

In this case, the Letter of Request from the German court meets each of the requirements set forth at 28 U.S.C. § 1782 and therefore should be granted. To invoke Section 1782, a request must meet certain statutory requirements:

> (1) the request must be made 'by a foreign or international tribunal,' or by 'any interested person'; (2) the request must seek evidence, whether it be the 'testimony or statement' of a person or the production of 'a document or other thing'; (3) the evidence must be 'for use in a proceeding in a foreign or international tribunal,' (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*In Re Patricio Clerici,* 481 F.3d at 1331-32 (quoting 28 U.S.C. § 1782(a)).

All of the requirements are met in this case. First, the request is being made by the Local Court of Amberg, Germany—a foreign tribunal. Baker Decl. ¶ 2, Ex. A. Second, the purpose of the request is to obtain evidence—a sample of Mr. Nomura's DNA from buccal cells. *Id.* Third, the evidence is to be used in a foreign proceeding—the paternity proceeding now pending in the German court. *Id.* Finally, Mr. Nomura can be found within the Eastern District of California. *Id.* ¶ 3a. Therefore, the Court is authorized under 28 U.S.C. § 1782 to grant the request for assistance.

### D. A Balancing of the Discretionary Factors of Section 1782 Weighs in Favor of Assistance.

If the statutory requirements of 28 U.S.C. § 1782 are satisfied, a court has discretion to grant a petition. In exercising its discretion, the court should consider the following factors:

> (1) whether the 'person from whom discovery is sought is a participant in the foreign proceeding,' because 'the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the request is otherwise 'unduly intrusive or burdensome.'

*In Re Patricio Clerici,* 481 F.3d at 1334 (quoting *Intel Corp.,* 542 U.S. at 264-65).

All of the discretionary factors weigh in favor of granting the request. First, Mr. Nomura is a

named participant in the foreign proceeding. Baker Decl. ¶ 2, Ex. A. Second, there is nothing unusual about the paternity proceeding pending in the German court system; the evidence would be admissible given that the tribunal itself issued the Request; and German courts would not be offended by assistance by the United States in light of the request issued. *See In re Application of Gemeinshcaftspraxis Dr. Med. Schottdorf,* No. M 19099, 2006 WL 384464, at *6 (S.D.N.Y. Dec. 29, 2006) (interpreting this factor to mean "(1) whether United States assistance would offend the foreign country, and (2) whether the material sought is admissible in the foreign tribunal"). Third, there is no indication that the request is being made in an effort to circumvent any foreign proof-gathering restrictions or policies. Fourth, the testing sought from the non-party is not unduly intrusive or burdensome, as it involves the taking of DNA by buccal cell swabs. Courts have consistently found this method of obtaining a DNA sample to be not unduly intrusive or burdensome. *See, e.g., In re Request for Int'l Judicial Assistance from the Local Court of Amberg*, 2015 U.S. Dist. LEXIS 170591, *3 n.1 (S. D. Ga. Dec. 21, 2015); *Mellberg v. Wells (In re Request for Int'l Judicial Assistance)*, 219 F. Supp. 3d 1061, 1063 (D. Col. 2015); *In Re Request for Judicial Assistance from the Dist. Court in Svitavy,* 748 F. Supp. 2d 522, 530 (E.D. Va. 2010); *In re Letter of Request from Dist. of Rhein-Necker-Kreis,* 2010 U.S. Dist. LEXIS 49241, *4 (S.D. Fla. April 23, 2010); *In re Letter of Request from the Dist. Court Stara Lubovna,* 2009 U.S. Dist. LEXIS 103126, *9 (M.D. Fla. Nov. 5, 2009). In short, the additional factors to be considered in determining whether the request for international judicial assistance should be granted weigh in favor of granting the request.

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

### III. CONCLUSION

This Court should grant this petition because the law of the United States authorizes this Court to assist the German court in obtaining DNA and other information from Mr. Nomura relevant to the paternity action now pending in Amberg, Germany. Wherefore, it is requested that this Court honor the request for international judicial assistance and issue an Order appointing Assistant United States Attorney Edward Baker as Commissioner authorized to issue subpoenas and take other steps reasonably necessary to comply with the Letter of Request. A proposed order is submitted herewith for the Court's consideration.

DATED: December 11, 2017          Respectfully Submitted,

PHILLIP A. TALBERT
United States Attorney

Eastern District of California

By:   */s/ Edward A. Baker*
EDWARD A. BAKER
Assistant United States Attorney

APPLICATON FOR *EX PARTE* ORDER APPOINTING COMMISSIONER PURSUANT TO 28 U.S.C. § 1782

6