UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE LOCAL COURT OF AMBERG, GERMANY, IN THE MATTER OF HUTG V. PHILLIP MIKE NOMURA, DOJ REF. NO. 189-26-17-21 | No. 2:17-mc-0191 KJM DB<br><br>ORDER |

On December 11, 2017, the United States of America filed an application for an ex parte order appointing Assistant United States Attorney Edward Baker as a Commissioner to secure evidence pursuant to 28 U.S.C. § 1782. (ECF No. 1.) Also filed were the declaration of Edward A. Baker, Exhibits A-E, and a proposed order. (ECF Nos. 1-1 & 1-2.) On December 19, 2017, the United States filed a motion to seal all of the documents filed on December 11, 2017, pursuant to Local Rule 141(b). (ECF No. 2.)

Local Rule 141(b) requires, in relevant part, that a "'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons permitted access to the documents, and all other relevant information." In evaluating requests to seal, the court starts "'with a strong presumption in favor of access to court records.'" Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). "The

1

presumption of access is 'based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice.'" Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)). A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy. Id. (citing Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)). However, where the material is, at most, "tangentially related to the merits of a case," the request to seal may be granted on a showing of "good cause." Id. at 1097-1101.

Here, the motion to seal fails to address the appropriate standard for sealing and why that standard has been satisfied. Moreover, the motion states that it is made in order to comply with Local Rule 140(a). (ECF No. 2 at 1.) Local Rule 140(a) provides that when filing documents, counsel shall omit or, where reference is necessary, partially redact certain personal data identifiers, such as minors' names, financial account numbers, Social Security Numbers, and dates of birth. "[R]edactions have the virtue of being limited and clear . . . ." Kamakana, 447 F.3d at 1183.

Accordingly, IT IS HEREBY ORDERED that:

1. The December 19, 2017 motion to seal (ECF No. 2) is denied without prejudice to renewal;

2. Within 21 days of the date of this order the United States may file the ex parte application and accompanying documents with redactions made in compliance with Local Rule 140; and

3. If the United States elects to file a redacted version, the Clerk of the Court shall replace the original filing with the redacted version.

Dated: December 21, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\letterofrequest0191.seal.den.ord