IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE LOCAL COURT OF AMBERG, GERMANY, IN THE MATTER OF *H.U.T.G. V. PHILLIP MIKE NOMURA*, DOJ REF. NO. 189-26-17-21 | No. 2:17-mc-0191 KJM DB<br><br>ORDER |

On December 11, 2017, the United States filed an ex parte application for an order appointing a Commissioner to secure evidence pursuant to 28 U.S.C. § 1782. (ECF No. 1.) The United States seeks the appointment of Assistant United States Attorney Edward Baker as a Commissioner to secure evidence from Phillip Mike Nomura, an American citizen who resides in this district, for use in a paternity proceeding before the Local Court of Amberg, Germany (the "German court") in response to a letter of request for international judicial assistance from the German court under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), 23 U.S.T 2555 (Oct. 7, 1972). (ECF No. 1 at 1.) Three letters have been sent to Phillip Mike Nomura but the United States has been unable to obtain his voluntary compliance. (Id. at 1-2.)

28 U.S.C. § 1782(a) provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may

1

> prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

"A district court has the authority to grant an application for judicial assistance if the following statutory requirements in § 1782(a) are met: (1) the request must be made 'by a foreign or international tribunal,' or by 'any interested person';7 (2) the request must seek evidence, whether it be the 'testimony or statement' of a person or the production of 'a document or other thing'; (3) the evidence must be 'for use in a proceeding in a foreign or international tribunal'; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance." In re Clerici, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (quoting 28 U.S.C. § 1782(a)); see also In re Bayer AG, 146 F.3d 188, 193 (3d Cir. 1998) ("The prima facie showing mandated by [§ 1782] is only that the application be made (1) 'by a foreign or international tribunal' or 'any interested person,' (2) that it be 'for use in a proceeding in a foreign or international tribunal,' and (3) that the person or entity from which the discovery is sought be a resident of or be found in the district in which the application is filed.").

Here, the request is being made by the German court, a foreign tribunal. (Baker Decl., Ex. A (ECF No. 1-1) at 5.) The request seeks evidence in the form of two buccal cell samples. (Id. at 6.) The evidence is to be used in a paternity proceeding before the German court. (Id.) And Mr. Nomura can be found in this district. (Baker Decl. (ECF No. 1-1) at 2.) Accordingly, the court has the authority to grant the request for assistance.

Having found that the requirements for § 1782 have been met does not end the court's analysis. In this regard, "[i]f these requirements are met, then § 1782 'authorizes, but does not require, a federal district court to provide assistance . . . .'" Clerici, 481 F.3d at 1332 (quoting Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 256 (2004)). In deciding whether to exercise its discretion, the court should consider: (1) whether "the person from whom discovery is sought is a participant in the foreign

proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome." Intel, 542 U.S. at 264-65. "[U]nduly intrusive or burdensome requests may be rejected or trimmed." Id. at 265.

Here, Mr. Nomura is a named participant in a foreign proceeding. (Baker Decl., Ex. A (ECF No. 1-1) at 5-6.) The proceeding in Germany concern paternity and "it is clear that the German court will be receptive to this Court's assistance, given that the German court itself requested the assistance." In re Letter of Request, No. 10-60445-MC, 2010 WL 1655823, at *1 (S.D. Fla. Apri. 23, 2010). There is no indication that the request is being made to circumvent foreign proof-gathering restrictions or other policies. Nor is the request unduly intrusive or burdensome. See In re Request for International Judicial Assistance from the Norrkoping District Court, Sweden, 219 F.Supp.3d 1061, 1063 (D. Colo. 2015); see, e.g., In re Letter of Request, 2010 WL 1655823, at *1 (collecting cases and concluding that providing a blood or DNA sample in connection with a foreign paternity proceeding is not unduly intrusive or burdensome). Thus, all of these factors weigh in favor of granting the request.

CONCLUSION

For the reasons stated above, the court finds that granting the ex parte application is appropriate.[1] Accordingly, IT IS HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1782(a), Edward A. Baker, Assistant United States Attorney, Eastern District of California, is appointed as Commissioner to take such lawful steps as are necessary to obtain DNA samples (by buccal cell swabs) and related identifying information and documentation from PHILLIP MIKE NOMURA in conformity with the request for international judicial assistance; and

---

[1] This finding does not preclude Mr. Nomura from disagreeing with, or seeking modification of, this order through an appropriate motion. See In re Request for International Judicial Assistance from the Norrkoping District Court, Sweden, 219 F.Supp.3d 1061, 1063 (D. Colo. 2015); see also In re Letters Rogatory from Tokyo Dist., 539 F.2d 1216, 1219 (9th Cir. 1976); In re Letter of Request from Supreme Court, 138 F.R.D. 27, 32 n. 6 (S.D. N.Y. 1991) ("[S]uch ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.").

2. To do all else that may be necessary for the accomplishment of this Order.

DATED: December 26, 2017

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\inReGermany0191.app.commissioner.ord2

4